Robert Frank TAYLOR, Appellant,

v.

STATE of Iowa, Appellee.

No. 83–223.

Supreme Court of Iowa.

July 18, 1984.

Charles L. Harrington, Appellate Defender, and Fern S. Shupeck, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., John P. Messina and Sherie Barnett, Asst. Attys. Gen. and James C. Bauch, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ and WOLLE, JJ.

WOLLE, Justice.

Petitioner was convicted of first degree murder for the shotgun slaying of his wife. His direct appeal from that conviction was affirmed, but we expressly reserved for postconviction proceedings petitioner's assertions of ineffectiveness of his trial counsel. *State v. Taylor*, 310 N.W.2d 174, 179 (Iowa 1981). Those claims have now been tried and decided adversely to petitioner by the postconviction trial court. We affirm.

The essentially undisputed background facts are set forth in our previous opinion and need only be summarized here. When petitioner returned from work around 11:30 p.m. on June 1, 1979, his wife and children were not at home. He began drinking beer. He then found a letter written by his wife in which she mentioned she was seeing another man. When his wife came home around 5:30 a.m. petitioner and she got into an argument about her infidelities. The petitioner then got his shotgun from a closet and shot her twice, killing her. Thereafter he first admitted shooting her but later made inconsistent statements about his involvement in her death. At trial petitioner relied heavily on his defense of diminished capacity. *See State v. Taylor*, 310 N.W.2d at 176.

I. *Review of Claims of Ineffectiveness of Counsel.*

We first address the legal standards by which we measure claims of ineffective assistance of trial counsel. Because petitioner is asserting that his constitutional right to a fair trial was violated, we make an independent evaluation of the totality of the relevant circumstances; this is the equivalent of a de novo review. *State v. Wilkens*, 346 N.W.2d 16, 18 (Iowa 1984); *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). The person claiming that his

trial attorney was ineffective, depriving him of his sixth amendment right to counsel, must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted therefrom. *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981). Petitioner has the burden to prove both of these elements by a preponderance of the evidence. *Sallis v. Rhoades*, 325 N.W.2d 121, 122 (Iowa 1982).

▆▆▆ In deciding whether trial counsel's performance was deficient, we require more than a showing that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently. *Fryer v. State*, 325 N.W.2d 400, 413–15 (Iowa 1982); *Hinkle v. State*, 290 N.W.2d at 30–31. Petitioner must overcome a presumption that counsel is competent. *Strickland v. Washington*, — U.S. —, —, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674, 693–94 (1984) ("Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "). The ultimate test is whether under the entire record and totality of the circumstances counsel's performance was within the range of normal competency. *Henderson v. Scurr*, 313 N.W.2d 522, 524 (Iowa 1981).

In deciding the second component of a claim of ineffectiveness of counsel, prejudice, we have required the person making the claim to show that counsel's failure to perform an essential duty worked to the client's actual and substantial disadvantage and thereby constituted "a denial of the accused's due process right to a fair trial, a fundamental miscarriage of justice, or an equivalent constitutional deprivation." *State v. Miles*, 344 N.W.2d 231, 234 (Iowa 1984). The United States Supreme Court has recently articulated the following test for determining whether specified errors of counsel have resulted in the required prejudice.

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland v. Washington*, — U.S. at —, 104 S.Ct. at 2069, 80 L.Ed.2d at 699. We apply this appropriate test for prejudice to the facts of this case.

Finally, we need not determine whether counsel's performance was deficient before examining the prejudice component of an ineffectiveness claim.

> The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

— U.S. at —, 104 S.Ct. at 2070, 80 L.Ed.2d at 700. In the light of these principles governing our review, we now address each of petitioner's assignments of error.

II. *The Medical Examiner's Testimony.*

▆▆▆ At trial, the State called Black Hawk County Medical Examiner Dr. Albert Dolan, who had gone to petitioner's home the next morning to investigate the wife's death. Dr. Dolan first used photographic exhibits to describe to the jury the position of the victim's body, with the head face down under the bed. After describing the space under the bed he further testified,

> ... the thing that I was interested in is that the victim's head from approximately the top of the shoulders was completely under or almost completely under the bed, indicating to me at least that she had to crawl—

At that point defense counsel objected that the testimony was "speculation," but the trial court overruled the objection, allowing Dolan to explain that she could not have fallen into that position and therefore must have crawled and forced herself into that area. He used that crawling testimony as a basis for determining which of the two shotgun wounds was inflicted first and which wound caused the victim's death. *See State v. Taylor,* 310 N.W.2d at 174.

On direct appeal of the trial court's ruling on this objection, we found that trial counsel had failed to preserve error. The objection was not sufficiently specific, and trial counsel had not moved to strike the doctor's answer, to place the objection before the answer, or to offer an excuse for his delay in objecting to the evidence. *See State v. Taylor,* 310 N.W.2d at 176–77.

In this postconviction proceeding petitioner vigorously argues that trial counsel failed to prepare adequately to meet Dr. Dolan's crawling theory. He contends that his counsel should have interposed timely and sufficient objections to the testimony; he also argues that counsel did not effectively cross-examine Dr. Dolan. We conclude that petitioner has not shown that there is a reasonable probability that the jury's verdict would have been different if defense counsel had been successful in excluding or casting more doubt on Dr. Dolan's testimony. *See Strickland v. Washington,* —— U.S. at ——, 104 S.Ct. at 2069, 80 L.Ed.2d at 699. Even if Dr. Dolan's testimony supporting the State's "crawling" theory did provide some evidence of premeditation which defense counsel could more effectively have challenged, the record is replete with other evidence which persuasively supported the jury's finding of premeditation. On direct appeal, we summarized the evidence which adequately supported the elements of planning and motive, and thereby was sufficient to establish premeditation:

The State produced witnesses who testified that defendant

(1) was pointing a gun at his wife prior to the shooting,

(2) had found a letter written by his wife that mentioned another man,

(3) intended to end the marriage,

(4) stated he could kill his wife and children, and

(5) had purchased a gun and loaded it just prior to the shooting.

310 N.W.2d at 178. On careful further review of the entire record we find that this other evidence of premeditation was independent of the crawling theory, not inconsistent with that theory, and entirely adequate to support the jury's finding of premeditation. Consequently the petitioner has not borne his burden to show that he was prejudiced by either the admission of Dr. Dolan's testimony or the manner in which the cross-examination of Dr. Dolan was conducted.

III. *Failure to Move to Suppress Petitioner's Statement.*

Immediately after his wife's death petitioner told several persons that he had just shot her. When arrested, however, he denied any involvement in the shooting and instead told the officers to be on the lookout for the persons from Des Moines who had shot her. Petitioner argues that he was denied effective assistance of counsel because his trial counsel did not move to suppress those statements.

■■■ Defendant's statements were relevant because a false story concocted by defendant to deny a material fact is itself an indication of guilt. *State v. Odem,* 322 N.W.2d 43, 47 (Iowa 1982); *State v. Schrier,* 300 N.W.2d 305, 309 (Iowa 1981); *State v. Tornquist,* 254 Iowa 1135, 1145, 120 N.W.2d 483, 489 (1963). Moreover, petitioner has not established any realistic factual basis on which his counsel could have based a suppression motion. He has not established that petitioner's statements were involuntary or that his constitutional rights were otherwise violated. From our review of the entire record we find that petitioner's trial counsel correctly concluded that petitioner's statements were admissible and not vulnerable to a motion to suppress.

## IV. *Failure to Call Witnesses.*

Petitioner contends that his trial counsel should have presented the testimony of three additional witnesses on his behalf: (1) one of petitioner's friends who would have testified that he and the petitioner had planned to go fishing the morning that the shooting occurred, thereby refuting the evidence that petitioner planned to murder his wife; (2) a man who would have testified that he had had an affair with petitioner's wife, thereby corroborating the nature of the argument between the petitioner and his wife; and (3) a woman who would have testified that petitioner's wife had secretly procured an abortion, further corroborating the nature of the argument.

Although petitioner has adequately shown the nature of the testimony that these witnesses would have given, we find that petitioner was not prejudiced by his counsel's failure to call these witnesses at trial.

■ Petitioner's intention to go fishing the next morning does not negate premeditation in any important way. Almost all of the evidence that the State introduced to establish premeditation concerned events that occurred within a few hours before the victim was shot, so that evidence would not have been contradicted by evidence that he had planned to go fishing that morning.

■ Neither was petitioner prejudiced by his attorney's failure to call the other two witnesses. Their testimony would merely have been cumulative of other testimony, and we have recently held that the withholding of cumulative testimony will not ordinarily satisfy the prejudice component of a claim of ineffectiveness of counsel. *Schrier v. State*, 347 N.W.2d 657, 665 (Iowa 1984). Here defense counsel presented at trial the testimony of one witness who said that he had had sexual relations with the victim the night of the murder. It was undisputed that the petitioner was angry that night because he had found and read letters which referred to his wife's interest in another man. The victim's infidelity and the subject matter of

the quarrel which preceded the shooting were both essentially undisputed at trial. The testimony of the two additional witnesses would not have made significant inroads into the State's case or contributed substantially to petitioner's diminished capacity defense.

Petitioner has not shown there is a reasonable probability that the outcome would have been different if his counsel had presented the testimony of those three witnesses to the jury.

## V. *Failure of Petitioner to Testify.*

Petitioner testified at the postconviction hearing that he had wanted to testify in his own defense but was told by his attorney that he would not allow petitioner to testify because he would be "torn to threads." He also said his attorney had not told him that he had a right to testify. Petitioner's trial counsel also testified at the postconviction hearing, but he presented an entirely different explanation of why petitioner did not take the stand. The attorney said that because petitioner had chosen to have a trial by jury, he urged petitioner to take the stand because he thought he "had no effective choice but to testify." The attorney further stated that petitioner changed his mind about testifying several times before and during the course of the trial, then informed counsel at a recess during the presentation of his evidence that he did not want to testify. Counsel emphasized that petitioner "did not take the witness stand because he told me he did not desire to do so."

■ We find that trial counsel's testimony on this issue makes more sense and is more believable than petitioner's version of what occurred. Although we review constitutional issues de novo, we give weight to the trial court's findings on credibility of witnesses. Iowa R.App.P. 14(f)(7). The postconviction trial court found:

> Defense counsel advised petitioner that he had no choice but to take the stand after the State rested; but, he further cautioned him about the discrepancies in the statements petitioner had previously

made. Petitioner vacillated between testifying and not testifying and decided not to testify.

Credible evidence in the record fully supports those findings made by the postconviction trial court. We conclude that petitioner's trial attorney fulfilled his obligation to advise petitioner on this matter. He first conferred with petitioner on whether he should testify in his own defense and thereafter properly yielded to the informed choice that petitioner made. *See Schrier v. State,* 347 N.W.2d at 663–64.

Petitioner has not shown that he was deprived of his constitutional right to effective assistance of counsel at trial. He was adjudged guilty of first degree murder only after he had received a fundamentally fair trial. Consequently, the trial court properly denied petitioner's application for postconviction relief.

AFFIRMED.