**Kim W. MARK, Petitioner-Appellant,**

v.

**STATE of Iowa, Respondent-Appellee.**

**No. 84–1138.**

Court of Appeals of Iowa.

April 30, 1985.

Timothy O'Grady of Over, Over & Over, Council Bluffs, Iowa, for petitioner-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, and Mickey W. Greene, Asst. Atty. Gen., for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON, and HAYDEN, JJ.

HAYDEN, Judge.

In this appeal from a denial of postconviction relief from conviction for sexual abuse in the second degree in violation of Iowa Code section 709.3, petitioner claims: (1) that the postconviction court should have permitted petitioner to personally appear and testify; (2) that trial counsel rendered ineffective assistance by failing to adequately discuss the considerations relevant to deciding whether to file a motion in arrest of judgment and/or a direct appeal; and (3) that certain omissions of postconviction trial counsel constituted ineffective assistance of counsel. We affirm.

Petitioner pled guilty in 1981 to a charge of second degree sexual abuse and did not subsequently file either a motion in arrest of judgment or notice of appeal. In 1983 he filed an application for postconviction relief alleging that trial counsel rendered ineffective assistance by failing to adequately consult with him regarding the considerations involved in making an informed choice as to whether or not to file a motion in arrest of judgment and/or notice of appeal.

Postconviction trial counsel unsuccessfully sought to have petitioner brought before the court to testify, by application which failed to specify particular reasons why petitioner's testimony in person was essential. By affidavit submitted in lieu of testimony, petitioner stated that he expressed a desire to appeal but that trial counsel did not appeal or discuss with him such matters as the factors to be considered or the meaning of the motion in arrest of judgment requirement. Trial counsel testified that he discussed the motion in arrest of judgment requirement briefly with petitioner shortly after the guilty plea was entered and that petitioner had never expressed a desire to appeal. Trial counsel's records do not show any contact with petitioner between the dates of guilty plea and sentencing.

Postconviction trial counsel obtained leave of court to file a brief but failed to file one. Petitioner's application was then denied by the district court.

■■■ I. This is a postconviction appeal and petitioner (Mark) carries the burden of proof and is required to establish the facts by a preponderance of the evidence. *Watts v. State*, 257 N.W.2d 70, 71 (Iowa 1977). Where, as here, a violation of a constitutional safeguard is raised, we make our own evaluation of the totality of circumstances. This is the equivalent of a de novo review. Ordinarily a proceeding under the Uniform Postconviction Procedure Act (chapter 663A, The Code) is at law and our review is not de novo. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980) (citations omitted). We address Mark's three issues raised in the following divisions.

II. Was it an abuse of discretion to refuse petitioner's request to personally appear and testify at the postconviction relief hearing? Mark claims that the postconviction court abused its discretion in denying his application to appear in person at his hearing. He argues that credibility was at issue, and the trial court's refusal to allow

him to testify in person caused issues of credibility to be resolved against him.

■■■■ Whether to allow the applicant to personally appear is a matter within the discretion of the trial court. *Sallis v. Rhoads*, 325 N.W.2d 121, 123–24 (Iowa 1982). In order to find that a court has abused its discretion, this Court must determine "that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982). Mark was allowed to file an affidavit setting out his claims and alleged grounds, which was admitted into evidence and considered by the trial court. Mark fails to show his oral testimony, if personally present, would have been different or deviated from his affidavit.

Section 663A.7 (The Code), states the manner a postconviction relief hearing may be conducted as follows: "... the court may receive proof of *affidavits*, depositions, oral testimony, or other evidence, and may order the applicant brought before it for the hearing...." (emphasis added).

Even though a fact question was generated, we find that the court who refused to order Mark brought before it for the postconviction relief hearing did not exercise the discretion on grounds clearly untenable or to an extent clearly unreasonable in this case. We hold the trial court did not abuse its discretion on this issue.

III. Review of Claims of Ineffectiveness of Counsel. Before proceeding further, we find it appropriate to address the legal standards by which an Iowa appellate court measures claims of ineffective assistance of trial counsel. In so doing, we cite and quote from the recent case of *Taylor v. State*, 352 N.W.2d 683, 684–85 (Iowa 1984).

The person claiming that his trial attorney was ineffective, depriving him of his sixth amendment right to counsel, must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted therefrom. *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981). Petitioner has the burden to prove both of these elements by a preponderance of the evidence. *Sallis v. Rhoades*, 325 N.W.2d 121, 122 (Iowa 1982).

In deciding whether trial counsel's performance was deficient, we require more than a showing that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently. *Fryer v. State*, 325 N.W.2d 400, 413–15 (Iowa 1982); *Hinkle v. State*, 290 N.W.2d at 30–31. Petitioner must overcome a presumption that counsel is competent. *Strickland v. Washington*, [——] U.S. [——], [——], 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674, 693–94 (1984) ("Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "). The ultimate test is whether under the entire record and totality of the circumstances counsel's performance was within the range of normal competency. *Henderson v. Scurr*, 313 N.W.2d 522, 524 (Iowa 1981).

In deciding the second component of a claim of ineffectiveness of counsel, prejudice, we have required the person making the claim to show that counsel's failure to perform an essential duty worked to the client's actual and substantial disadvantage and thereby constituted "a denial of the accused's due process right to a fair trial, a fundamental miscarriage of justice, or an equivalent constitutional deprivation." *State v. Miles*, 344 N.W.2d 231, 234 (Iowa 1984). The United States Supreme Court has recently articulated the following test for determining whether specified errors of counsel have resulted in the required prejudice.

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is

a probability sufficient to undermine confidence in the outcome.

*Strickland v. Washington,* [——] U.S. at [——], 104 S.Ct. at 2069, 80 L.Ed.2d at 699. We apply this appropriate test for prejudice to the facts of this case.

Finally, we need not determine whether counsel's performance was deficient before examining the prejudice component of an ineffectiveness claim.

> The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

[——] U.S. at [——], 104 S.Ct. at 2070, 80 L.Ed.2d at 700.

**IV.** Was trial counsel ineffective in the original criminal proceedings because there was inadequate consultation between counsel and appellant on the motion in arrest of judgment and inadequate consultation on appellant's rights to appeal? In following the principles governing our review as established in *Strickland* and *Taylor,* we first address the standard of prejudice on this issue.

Mark fails to show any specific ground for either filing a motion in arrest of judgment or for appealing his judgment and sentence, or that such a motion or appeal would be successful. *Strickland,* 104 S.Ct. at 2069, 80 L.Ed.2d at 698, and *Taylor* at 685 set forth the test for determining whether prejudice occurred:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

We find Mark has failed to make this showing and, accordingly, he has failed to show any prejudice resulting from this claim of ineffective assistance of counsel. Therefore, we need not address the ineffectiveness of counsel claim on this issue.

**V.** Did appellant receive ineffective assistance of counsel in the postconviction relief proceeding? As in division IV, we first address the prejudice standard on this issue.

Mark claims his attorney failed to make a showing of need in support of his application to personally appear at the hearing and that his attorney failed to file a written brief in support of his positions in lieu of final argument. He fails to show the results of the proceeding would have been different if a showing of need could have been made and had he personally appeared at the hearing or had his attorney filed a written brief. His claim of prejudice on these matters fail to undermine confidence in the outcome. *See Strickland* and *Taylor, id.* We find Mark has failed to show prejudice here and we need not address the ineffective assistance of counsel claim on this issue.

AFFIRMED.