Danny K. **COOPER**, Appellant,

v.

**STATE** of Iowa, Appellee.

No. 84–1281.

Supreme Court of Iowa.

Jan. 15, 1986.

Stephen J. Rapp, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., and James Metcalf, Co. Atty., for appellee.

HARRIS, Justice.

The petitioner brings consolidated appeals from the district court's denial of two separate applications for postconviction relief. His conviction was affirmed on a direct appeal in an unpublished opinion. *See State v. Cooper*, 334 N.W.2d 368 (Iowa Ct.App.1982). The petitioner's principal claim on this appeal is that he was denied effective assistance of counsel because of a failure to challenge the system of apportioning the jury which in 1981 convicted him of first degree robbery. We affirm.

I. In his first postconviction petition Cooper claimed he was denied his sixth amendment right to effective assistance of counsel on a number of bases. He contended his lawyer's trial preparations and trial conduct were inadequate. We choose not to detail or discuss the complaints that made up the first postconviction proceeding and which comprise the first assignment of error. We have considered them and conclude that the petitioner has failed to demonstrate he was prejudiced by any failure on the part of his trial counsel under the standard explained in *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984).

II. The petitioner's second claim of ineffective counsel is based on the failure of his trial or appellate counsel to challenge the jury panel. Without suggesting we must, we lay aside the State's contentions that (1) the question was waived when not raised on the direct appeal, and (2) the petitioner, as he did on his first assignment, failed to demonstrate prejudice under the *Taylor* standard. We reject the claim on its merits.

III. A criminal defendant has a constitutional right under the sixth amend-

ment to a jury drawn from a representative cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 527, 95 S.Ct. 692, 696, 42 L.Ed.2d 690, 696 (1975); *State v. Brewer*, 247 N.W.2d 205, 209 (Iowa 1976). The right is violated if there is a systematic exclusion of an identifiable segment of society which prevents the jury from being representative of the community. *Apodaca v. Oregon*, 406 U.S. 404, 413, 92 S.Ct. 1628, 1634, 32 L.Ed.2d 184, 193 (1972); *Brewer*, 247 N.W.2d at 209.

These constitutional guarantees precipitated a statutory change in the system by which our jury panels are selected. 1976 Iowa Acts ch. 1235. Prior to the change persons were selected from election lists. Under the change the lists are to be apportioned among the election precincts according to population. (A number of statutory standards making persons ineligible for service were also eliminated.)

Two Iowa Code sections, 609.4 and 609.5, were the ones primarily implicated to effect the change. Section 609.4 directs county auditors to apportion and certify the number of both grand and petit jurors for the appointive jury commission (the body which selects the jury panel list). This section was amended by deleting its source reference to electors and supplanting it with "persons residing in the respective election precincts."

Section 609.5 requires additional information to be provided by the auditor to the appointive commission. This section was revamped at the same time.[1] Formerly the auditor was to furnish election poll books and lists of those with recent past jury service (service which theretofore rendered a person ineligible for jury duty during the succeeding year). A new list of additional information supplanting the former one was aimed at reaching the broad population base contemplated by section 609.4. Included with lists of registered voters are tax assessment lists, motor vehicle opera-

tor's license lists, "and such other comprehensive lists of [residents] as the commission may request."

Changes in these two statutes were interrelated. Changes made to one of these sections cannot be read in isolation from changes made to the other.

Word of these important changes was slow in reaching the auditor in Black Hawk County. The jury lists for petitioner's trial in March of 1981 was made up on the basis of the old formula. But the mistake does not vitiate petitioner's conviction. He bases his contention on his belief that the trial court would have been bound to set aside the jury panel if a request had been made. We find that the trial court would not have been so bound.

IV. The controlling precedent was and is *State v. Lohr*, 266 N.W.2d 1 (Iowa 1978), a case in which trial counsel did file a pretrial written jury panel challenge on the identical ground upon which this petitioner's claim is based. We rejected it. 266 N.W.2d at 6.

Our *Lohr* holding was based on principles we explained in *Taylor v. Department of Transportation*, 260 N.W.2d 521, 522–23 (Iowa 1977) ("If [a statutory] duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown.").

On that principle we affirmed rejection of Lohr's challenge. We said:

> Observance of neither basic purpose requires that a penal challenge grounded on failure to supply the jury commission with two of three specified lists be upheld. As previously observed, exclusive reliance on voter registrations, although not the best solution, does not alone of-

---

1. The section was again amended by 1980 Iowa Acts Ch. 1181, § 1 and still later was re-written by 1984 Iowa Acts Ch. 1181, § 8. Neither of these later changes affects the issues in this appeal.

fend the Sixth Amendment. And the acknowledged slighting of our legislature's attempt to further spread jury duty among the citizenry does not give added validity to Lohr's pretrial challenge. Simply stated, the § 609.5 lists furnishing duty furthers but is not essential to the main statutory objectives.

266 N.W.2d at 6.

We suggest no ringing endorsement for the county officials in Black Hawk County for their acumen in implementing the legislative change. On the other hand we are not inclined to overrule *Lohr.* Sanctions against the authorities would have to come from mandamus or, perhaps, the ballot box. It is not required that we set aside the conviction of a petitioner who did not and cannot demonstrate his jury panel unconstitutionally deprived him of a trial before a jury that fairly represented the community.

AFFIRMED.

All justices concur except SCHULTZ, UHLENHOPP, CARTER, and WOLLE, JJ., who concur specially.

SCHULTZ, Justice (specially concurring).

I cannot agree with the reasons advanced in divisions III and IV. I believe that if a proper and timely objection had been made at the original trial, the court would have been bound to set aside the jury panel.

I do, however, join the result reached by the majority. Error in selecting the jury panel was not preserved at the original trial or advanced on direct appeal. Additionally, I would not hold that the counsel's failure to timely object to the jury panel deprived petitioner of effective assistance of counsel. Consequently, I agree that the denial of the applications for postconviction relief should be affirmed.

UHLENHOPP, CARTER, and WOLLE, JJ., join this special concurrence.