# IN THE COURT OF APPEALS OF IOWA

No. 14-1532
Filed July 22, 2015

**LONNIE BATES JR.,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael J. Walton, County Attorney, and Melisa Zaehringer, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Lonnie Bates filed an application for postconviction relief (PCR), asserting among other claims, his trial counsel was ineffective in not obtaining a DNA sample from other potential suspects for use in his defense. The district court rejected this claim, affirming Bates's conviction. Bates appeals claiming the district court made an error in the factual findings in its ruling. Upon our de novo review of the record, we conclude the factual error made by the court did not affect the court's decision. We agree with the court's conclusion that Bates failed to prove his trial counsel rendered ineffective assistance when she did not seek to obtain DNA samples from other potential suspects.

Following a jury trial, Bates was convicted of second-degree sexual abuse. *State v. Bates*, No. 10-1666, 2012 WL 3027122, at *1 (Iowa Ct. App. July 25, 2012). The facts of the assault are adequately outlined in the direct appeal decision, and there is no need repeat them here. *See id.* After his conviction was affirmed, Bates filed an application for postconviction relief alleging a number of ways that his attorney was ineffective, including a claim his trial attorney should have obtained DNA samples from the other adults who were present at the scene when the assault took place. The testimony at trial and the testimony developed at the PCR hearing established that DNA testing was done on the victim's clothing and body, and on Bates's clothing. The testing did not reveal any foreign DNA on either the victim or Bates. All testing done on the

victim's clothing and body showed only the presence of the victim's DNA.[1]  All testing done on Bates's clothing showed only the presence of Bates's DNA.

In the factual findings made by the PCR court, the court stated that Bates's attorney testified there was DNA from Bates on the victim.  While this was an inaccurate statement of the attorney's testimony in the PCR hearing, the court went on to accurately state that the attorney also testified at the PCR hearing there was no foreign DNA on the victim that was not identified.  Because of the lack of foreign DNA in the record, the PCR court concluded "it would have been a pointless tactic in any event" to request DNA testing of the other adults at the scene.

Our review of a postconviction-relief action alleging ineffective assistance of counsel is de novo.  *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).  We make our own independent evaluation of the totality of the relevant circumstances, though we do give deference to the district court's credibility assessments.  *Taylor v. State*, 352 N.W.2d 683, 684, 687 (Iowa 1984).  In a de novo review, we carefully scrutinize the record and make our own findings of fact.  *See Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 97 (Iowa 2011).  Thus, we need not reverse and remand for a new PCR hearing based solely on errors in the factual findings of the district court's decision.  Any errors can be adequately addressed on appeal without the need for a remand.

---

[1] We do note a sample taken from the victim's fingernail scrapings showed DNA that was too weak for a conclusive determination other than it was DNA from a male. Because the sample was too weak, it could not have been tested to determine if it matched other known DNA samples even if those samples had been obtained

In order to establish a claim of ineffective assistance of counsel, Bates must prove by a preponderance of the evidence counsel breached an essential duty and he suffered prejudice as a result. *Taylor*, 352 N.W.2d at 685. The facts developed at trial and at the PCR hearing establish there was no foreign DNA found on either the victim or Bates. Thus, obtaining DNA samples from the other adults who were present at the scene of the assault would have been a fruitless exercise. There was no unidentified DNA to which the known samples from the other adults could have been compared. Because obtaining the samples would not have affected the outcome of the trial, Bates cannot prove he was prejudiced by counsel's inaction. *See Dempsey*, 860 N.W.2d at 868 (noting we need not address both elements of the ineffective-assistance test as a defendant's failure to establish either element is fatal to the claim).

**AFFIRMED.**