# IN THE COURT OF APPEALS OF IOWA

No. 16-0884
Filed July 6, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LARRY PERRY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

The defendant appeals his convictions for possession of methamphetamine, third offense, and driving while barred as a habitual offender. **AFFIRMED.**

Andrea M. Flanagan of Sporer & Flanagan, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Following trial by jury, Larry Perry was convicted of possession of methamphetamine, third offense, and driving while barred as a habitual offender. In this direct appeal, Perry challenges the sufficiency of the evidence supporting the conviction for possession of methamphetamine. Perry also challenges the performance of his trial counsel, contending his counsel provided constitutionally deficient representation in failing to move to sever the counts of the trial information.

We first address the challenge to the sufficiency of the evidence. Our review is for the correction of legal error. *See State v. Webb*, 648 N.W.2d 72, 75 (Iowa 2002). We will uphold a verdict where the verdict is supported by substantial evidence. *Id.* Evidence is substantial when the quantum and quality of evidence is sufficient to "convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *Id.* at 76 (citing *State v. Heard*, 636 N.W.2d 227, 229 (Iowa 2001)). In conducting our review, "we view the evidence in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record." *State v. Leckington*, 713 N.W.2d 208, 213 (Iowa 2006) (citing *State v. Casady*, 597, N.W.2d 801, 804 (Iowa 1999)).

In the late of night, Des Moines Police Officer Tori Aletheia observed a moving vehicle with an expired license plate. Officer Aletheia initiated a traffic stop. After the vehicle pulled over, Officer Aletheia exited her vehicle and walked toward the suspect vehicle. As Officer Aletheia approached the suspect vehicle, Perry opened the driver's door and exited the vehicle. Dashcam video showed

Perry was holding something in his right hand. At the same time, two occupants of the vehicle exited the vehicle from the front and rear passenger seats. Officer Aletheia instructed all of the occupants to return to the vehicle and close the doors. Perry began walking away from the officer. As Perry took his first few steps, he made a throwing motion with his right hand towards a bush near the sidewalk. He then started running.

Officer Aletheia radioed dispatch and pursued Perry on foot. While Officer Aletheia pursued Perry, the passengers left the scene. After a short chase, Officer Aletheia apprehended Perry. As Officer Aletheia led Perry back to her squad car, backup arrived. Officer Adam Herman searched the area. Officer Herman found a plastic bag containing a crystalline substance under a bush near the sidewalk along Perry's footpath. The bag was in relatively new condition and appeared to be freshly placed underneath the bush. Another officer located Perry's car keys somewhere along Perry's footpath. Subsequent testing of the white substance in the bag determined it was methamphetamine.

"Unlawful possession of a controlled substance requires proof that the defendant: (1) exercised dominion and control over the contraband, (2) had knowledge of its presence, and (3) had knowledge that the material was a controlled substance." *State v. Bash,* 670 N.W.2d 135, 137 (Iowa 2003) (citing *State v. Reeves*, 209 N.W.2d 18, 21 (Iowa 1973)). "In the realm of controlled substance prosecutions, possession can be either actual or constructive." *State v. Cashen,* 666 N.W.2d 566, 569 (Iowa 2003) (citing *State v. Maghee*, 573 N.W.2d 1, 10 (Iowa 1997)). "[T]here is no hard and fast distinction between actual possession and constructive possession; where the former ends and the

latter begins depends on the facts and circumstances of each case and does not necessarily turn on the question of whether the contraband was found on the defendant's person." *State v. Eubanks*, No. 13-0602, 2014 WL 2346793, at *3 (Iowa Ct. App. May 29, 2014). An individual can have "actual possession when . . . substantial evidence supports a finding it was on his or her person 'at one time.'" *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (quoting *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010)).

When the evidence is viewed in the light most favorable to the jury's verdict, the verdict is supported by substantial evidence. The dashcam footage showed Thomas exited the vehicle with a shiny object in his right hand. Perry argues the shiny object was his car keys. Both Officers Aletheia and Herman testified they reviewed the dashcam video and concluded it showed Perry holding a plastic bag consistent with the plastic bag found under the bush. The resolution of this disputed fact issue was for the jury. Perry made a throwing motion with his right hand as he began to run. Perry's throwing motion also could be most easily explained as "an effort to get the drugs off his person." *See id.* at 444. As in *Thomas*, the drugs were discovered near Perry's location before be he began to run. *See id.* (noting the "drugs were found in close proximity to the defendant"). Throwing the bag and fleeing the scene evidence Perry's "knowledge he was engaged in unlawful conduct—the possession of controlled substances." *See Eubanks*, 2014 WL 2346793, at *4. The dashcam footage showed no other person entered the area where the drugs were discovered, including the two passengers in Perry's vehicle, who left in the opposite direction. The plastic bag was in near-pristine condition, from which the jury could have

inferred it was only recently left on the ground. Officer Hochstetler testified there was no history of complaints regarding methamphetamine being left out in the community, suggesting the drugs were not placed there by a third party before the events unfolded. "These are all facts from which it can be inferred the contraband was in the actual physical possession of [Perry] immediately prior to his arrest rather than coming from some other source." *Id.* The jury's verdict was supported by substantial evidence.

We next resolve Perry's challenge to his counsel's performance. Perry argues his counsel was ineffective in failing to move to sever the possession of methamphetamine charge and the driving while barred charge. As a general rule, "[i]neffective-assistance-of-counsel claims are typically addressed in postconviction-relief proceedings where the record is more fully developed." *Id.* at *5. However, we may resolve an ineffective-assistance-of-counsel claim on direct appeal where the record is sufficient to do so. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). Our review is de novo. *Id.*

To establish his claim of ineffective assistance of counsel, Perry "must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To prove the first element, Perry must show counsel's performance fell below the standard of a reasonably competent attorney. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). To prove the second element, Perry must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 143 (quoting *Strickland*, 466 U.S. 693). "[B]oth elements do not always need to be addressed. If the claim

lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* at 142 (citing *Strickland*, 466 U.S. at 697; *State v. Wissing*, 528 N.W.2d 561, 564 (Iowa 1995); *State v. Bumpus*, 459 N.W.2d 619, 627 (Iowa 1990); *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984)).

Perry's counsel was not ineffective. Iowa Rule of Criminal Procedure 2.6(1) governs the issue. It states:

> Two or more indictable public offenses which arise from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a common scheme or plan, when alleged and prosecuted contemporaneously, shall be alleged and prosecuted as separate counts in a single complaint, information or indictment, unless, for good cause shown, the trial court in its discretion determines otherwise.

Iowa R. Crim. P. 2.6(1). Perry contends a single trial was improper because there was no "common plan or scheme" here, but he ignores the disjunctive language in the rule that requires a single prosecution where the public offenses arise out of "the same transaction or occurrence." *Id.* To determine if two crimes are from the same transaction or occurrence we review the time, place, and circumstances of the crimes. *State v. Bair*, 362 N.W.2d 509, 512 (Iowa 1985). In this case, the charges arose from the same transaction or occurrence originating with the traffic stop. Counsel had no duty to make a motion to sever. *See State v. Hoskins*, 586 N.W.2d 707, 709 (Iowa 1998) (stating "[t]rial counsel is not incompetent in failing to pursue a meritless issue").

Perry also has not established prejudice. To the contrary, Perry's defense was predicated on trying the two offenses together. Perry's counsel defended against the possession charge by arguing Perry fled the scene not because he

had methamphetamine and was trying to dispose of it but because he had no driver's license and was trying to avoid arrest for that. Perry actually benefited from trying the two charges together because he justified his flight while being able to deny consciousness of guilt for possession of methamphetamine. Perry nonetheless contends he was prejudiced with respect to the possession charge because the jury heard evidence regarding Perry's driving record and could conclude Perry had a propensity toward criminal behavior. This argument fails because the supreme court has concluded the propensity argument is "unequivocally" distinct from our "law dealing with joinder of offenses." *State v. Romer*, 832 N.W.2d 169, 183 (Iowa 2013). Finally, we note the jury was instructed Perry's innocence or guilt must be determined separately on each count, which minimizes the risk of unfair prejudice. We presume the jury follows the district court's instructions. *Lehigh Clay Prods., Ltd. v. Iowa Dep't of Transp.*, 512 N.W.2d 541, 546 (Iowa 1994). Under the circumstances, Perry has not established *Strickland* prejudice.

Perry requests we preserve certain claims for postconviction-relief proceedings. He notes trial counsel failed to strike a juror who worked with the presiding judge and believes this led to undue influence. He also notes trial counsel made purportedly disparaging remarks regarding the neighborhood in which Perry was arrested, which may have alienated jurors from that neighborhood. We preserve these claims. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

For the above-stated reasons, we affirm the defendant's convictions.

**AFFIRMED.**