**IN THE COURT OF APPEALS OF IOWA**

No. 16-0890
Filed October 11, 2017

**JOSHUA JAY BARR,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Allamakee County, Linda M. Fangman, Judge.

The applicant appeals from the denial of his application for postconviction relief. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Joshua Barr appeals from the denial of his application for postconviction relief (PCR). Barr makes the same argument here that he did before the PCR court—that trial counsel provided ineffective assistance when he misled Barr about the sentence Barr would receive by focusing on the best-case scenario and failing to discuss the possibility of civil commitment for his sex crimes. Barr maintains he would not have pled guilty if he had been accurately and appropriately advised.

We review ineffective-assistance-of-counsel claims de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). "To prove ineffective assistance, the [applicant] must demonstrate by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010) (citation omitted). Barr's claim fails if either element is lacking. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). While our review is de novo, we give weight to the trial court's findings on the credibility of witnesses. *Taylor v. State*, 352 N.W.2d 683, 687 (Iowa 1987).

Barr's claim that counsel breached a duty is really two claims—(1) counsel wrongly informed him he would only serve eighteen months and (2) counsel failed to inform him he could be civilly committed for his sex crimes.

We take up Barr's second claim first. Counsel had no duty to inform Barr he could be civilly committed for the crimes to which he was pleading guilty.[1]

---

[1] Barr pled guilty to two counts of sexual abuse in the third degree, pursuant to Iowa Code section 709.4(1) (2009) (performing a sex act by force or against the will of the

*See State v. Carter*, No. 12-1938, 2013 WL 4769414, at *2 (Iowa Ct. App. Sept. 5, 2013) ("The possibility of [the defendant's] civil commitment as a sexually violent predator at the conclusion of his . . . sentence is not a definite, immediate, or automatic result of his conviction. It is merely a potential collateral consequence; therefore, under the collateral consequences rule, his trial counsel was not ineffective by failing to inform him about it."); *Blaise v. State*, No. 10-0466, 2011 WL 2078091, at *4 (Iowa Ct. App. May 25, 2011) (no duty to inform a defendant about the possibility of civil commitment before he pleaded guilty to harassment in the first degree). Because counsel had no duty to inform Barr that he may face civil commitment, this claim of ineffective assistance fails. *See State v. Schaer*, 757 N.W.2d 630, 637 (Iowa 2008) ("Counsel has no duty to raise an issue that has no merit." (citation omitted)).

Next, we consider Barr's argument he would not have pled guilty to the three charges if counsel had not misinformed him that he would serve only eighteen months. At the PCR hearing, Barr, Barr's mother, and Barr's sister each testified they were present with Barr's attorney before the plea proceedings and they heard the attorney tell Barr that if he took the plea, he would be out in eighteen months with good behavior. The attorney then testified on his own behalf, denying he ever told Barr he would be released in eighteen months. Rather, counsel testified he remembered telling Barr that his discharge date on a ten-year sentence, with credit for good behavior, "amounts to about four years and maybe four months, something like that." He also remembered "telling him

---

other person). He also pled guilty to one count of indecent contact with a child. The three counts involved three separate victims.

that life in prison was a long time, and it means no parole. Your ten-year prison sentences meant that theoretically that you would get out at some point in time." The attorney agreed he had encouraged Barr to take the plea deal, noting that as part of the agreement, the State was dismissing a first-degree kidnapping charge, which carried a mandatory life sentence. The attorney advised Barr to take the deal after doing discovery and independent investigation that led him to believe Barr was likely to be convicted of at least one of the charges of sexual abuse in the third degree, which alone carried a ten-year sentence. During his testimony, the attorney categorically denied ever assuring a defendant about when they will be released.

In denying Barr's claim for ineffective assistance, the PCR court "found [the trial attorney] very credible." Additionally, the court "[did] not find credible that [the trial attorney] promised Mr. Barr that he would be released from prison within eighteen months. The court [did] not find that to be supported by the record in this case." The court also noted:

> During cross-examination, Mr. Barr stated he repeatedly lied to the court at his plea proceedings because he was only saying what his attorney wanted him to say. Mr. Barr stated he was willing to lie to the court. The court is very troubled by the cavalier way Mr. Barr states his willingness to lie to the court to get what he wants.

Here, the issue comes down to which witness's version of events is more credible. In no uncertain terms, the PCR court repeatedly emphasized that it found the attorney to be credible and Barr to lack credibility. Nothing in the record suggests we should distrust or disturb the PCR court's findings.

Because we accept the testimony of the trial attorney that he never told Barr he would be released from prison in eighteen months, there was no breach

of an essential duty. Barr has not established that he received ineffective assistance from counsel, and we affirm.

**AFFIRMED.**