# IN THE COURT OF APPEALS OF IOWA

No. 19-0811
Filed June 3, 2020

**ROMAN MONCIVAIZ,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.

_____

　　Appeal from the Iowa District Court for Story County, Angela L. Doyle,

Judge.


　　Roman Moncivaiz appeals the denial of his application for postconviction

relief. **AFFIRMED.**



　　Christopher Kragnes Sr., Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.



　　Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

A jury found Roman Moncivaiz guilty of first-degree robbery and assault with intent to inflict serious injury. This court affirmed his convictions on direct appeal. *See State v. Moncivaiz*, No. 16-1175, 2017 WL 4050035, at *1 (Iowa Ct. App. Sept. 13, 2017). Moncivaiz applied for postconviction relief (PCR), alleging his trial and appellate counsel were ineffective in many ways. He appeals the denial of that application.

We generally review the denial of a PCR application for correction of errors at law. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). But because an ineffective-assistance claim is constitutional, we review it de novo. *See id.* To succeed on an ineffective-assistance claim, Moncivaiz must show that his counsel breached a duty and prejudice resulted. *See id.* at 866. We may affirm if he fails to prove either breach of duty or prejudice. *See id.*

On appeal, Moncivaiz reiterates the arguments he made to the PCR court. He claims his trial counsel provided ineffective assistance as a result of the vertigo counsel experienced during trial, the jury's selection, the arguments made in support of a motion to suppress evidence, cross-examination of the complaining witness, and evidence not introduced at trial. Moncivaiz also claims his appellate counsel was ineffective in failing to raise certain arguments on direct appeal.

Following our de novo review of the record, we agree with the PCR court's cogent ruling that Moncivaiz's claims lack merit. The record simply does not support Moncivaiz's assertions as for some of his claims, such as those about trial

counsel's vertigo and failure to cite precedent in arguing a motion to suppress.[1]
Other claims, such as those involving jury selection, cross-examination of the
complaining witness, and the introduction of evidence, fail because trial counsel's
actions were based on reasonable trial strategy. *See Taylor v. State*, 352 N.W.2d
683, 685 (Iowa 1984) ("In deciding whether trial counsel's performance was
deficient, we require more than a showing that trial strategy backfired or that
another attorney would have prepared and tried the case somewhat differently.").
And his claim that his appellate counsel was ineffective is vague and conclusory,
with Moncivaiz stating "there were other issues ripe and preserved for appeal"
without explaining those issues or how raising the issues would have changed the
outcome of his appeal. *See State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006)
(noting that "'conclusory claims of prejudice' are not sufficient to satisfy the
prejudice element" (citation omitted)).

Moncivaiz also claims he was prejudiced by the cumulative effect of the
errors of his trial and appellate counsel. He has failed to show a single instance

---

[1] The most serious of these is Moncivaiz's claim that his trial counsel's vertigo
interfered with his ability to represent Moncivaiz competently. At the PCR hearing,
trial counsel admitted he experienced vertigo at the time of trial. Following his
doctor's advice, he took a nonprescription medication used to treat motion
sickness. But although the dizziness caused by vertigo made trial counsel more
prone to falls, he denied that it affected his performance as an attorney, testifying
that vertigo "doesn't affect your ability to think in spite of what some people might
say. You can still think and reason and use all your faculties." To ensure
Moncivaiz's trial counsel could fulfill his duty to his client, the trial court directed
him to have a medical examination. The examination did not reveal any concerns.
Other than Moncivaiz's testimony, nothing in the record supports a finding that he
received ineffective assistance because his trial counsel experienced vertigo
during trial.

of ineffective assistance of counsel, let alone multiple instances that would have the cumulative effect of prejudicing him.

Finally, for the first time on appeal, Moncivaiz claims his PCR counsel was also ineffective. But he concedes that we cannot resolve the claim on the current record. For this reason, we do not address this new claim on appeal. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) (declining to address new claim of ineffective assistance of PCR counsel raised for the first time on appeal when the parties conceded the record was inadequate).

**AFFIRMED.**