**IN THE COURT OF APPEALS OF IOWA**

No. 23-2129
Filed March 19, 2025

**JAMES ALLEN MINCKS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Chickasaw County, Alan Heavens,

Judge.

        An applicant appeals the denial of postconviction relief.  **AFFIRMED.**

        Stuart G. Hoover, East Dubuque, Illinois, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee State.

        Considered by Greer, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

James Mincks appeals the denial of postconviction relief, challenging how his trial attorney handled alleged prior-false-allegations testimony under Iowa Rule of Evidence 5.412. We review de novo. *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019). And we conclude Mincks is not entitled to relief because he and his attorney made a considered strategic decision to forgo that evidence.

We summarized the facts of the offense on direct appeal. *See State v. Mincks*, No. 18-1054, 2020 WL 2487889, at *1 (Iowa Ct. App. May 13, 2020). Suffice to say, Mincks abused the twelve-year-old victim for more than a year, and a jury found him guilty of one count of second-degree sex abuse and one count of third-degree sex abuse. *See id.* We rejected challenges to the sufficiency of the evidence, admission of the child's statements regarding the abuse, alleged vouching by an expert witness, and certain ineffective-assistance claims. *Id.* at *2–6. We preserved one ineffective-assistance claim for postconviction relief, concerning the withdrawal of a Rule 5.412 motion before trial. *Id.* at *5.

At the postconviction relief trial, Mincks initially testified that the victim's past sexual behavior or alleged prior false allegations were "never brought up" in litigation or discussions with his attorney. He later said they had some discussion about prior reports to what was then the Department of Human Services (DHS), but they never discussed Rule 5.412 or the Rape Shield Law. Mincks denied any recollection of a motion being filed or withdrawn.

The record from Mincks's criminal case tells a different story. His attorney filed a Rule 5.412 motion alleging prior false allegations of sexual abuse. Then the

attorney withdrew that motion shortly before trial. Trial counsel explained at a pretrial hearing in the criminal case:

> Your Honor, the—after careful examination of the evidence available to us, after a careful review of strategy, and in our judgment the probative value of what we were proposing did not sufficiently weigh for us to pursue that [Rule 5.412 motion]. The difficulty of calling past social workers and people from out of state and the like outweighed the likelihood of success.

Immediately after that representation by trial counsel, the following colloquy ensued between Mincks and the court:

> THE COURT: Mr. Mincks, you have consulted with your attorneys on this issue; is that correct?
> THE DEFENDANT: Yes, sir. Yes, Your Honor.
> THE COURT: And you are in agreement that the allegations that this alleged victim has made previous false accusations of sexual abuse will not be addressed in your trial; is that correct?
> THE DEFENDANT: Yes, Your Honor.

In postconviction testimony, trial counsel confirmed this series of events, explained that he discussed the Rule 5.412 issue with Mincks, and elaborated that they withdrew the motion because "we didn't generate adequate evidence . . . supporting that, and it'd be kind of a waste of time" and "it wasn't going to help the case." Trial counsel also clarified that difficulties in compelling witness testimony were not an impassable barrier—if he thought the prior-false-allegations evidence would have been fruitful, he would have arranged to compel witnesses from out of state. The ultimate reason that no prior-false-allegations testimony was presented was because trial counsel "didn't find evidence supporting that claim" even after he and his co-counsel personally investigated it.

The postconviction court denied the Rule 5.412 claim (among others) on the basis that Mincks's testimony on the subject was "vague and unsubstantiated"

and therefore "a country mile from the level of proof that is necessary to show what this evidence specifically was, why it would be admissible at a criminal trial, and how it would have been a game-changer given all of the other evidence in the record which corroborated the victim's testimony."  Although we do not disagree with this analysis, in our de novo review we focus on a narrower alternative basis to affirm: that Mincks knowingly made a strategic choice to forgo the evidence.

The criminal transcripts establish the falsity of Mincks's claim that he did not discuss the prior-false-allegations issue with his attorney and the court.  Beyond that, the representations of counsel and Mincks's colloquy with the court established that withdrawing the motion was a considered strategic decision.  The supreme court has recognized these decisions, even when made by counsel alone, are "virtually unchallengeable."  *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) (citation omitted).  When you add Mincks's clear on-the-record assent to the strategic choice, we conclude he is barred from relief, as the law does not protect criminal defendants from the backfire of their strategic choices.  *Cf. Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984) ("[W]e require more than a showing that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently.").

We observe last that, even if we did not find Mincks had made a strategic choice to forgo the Rule 5.412 evidence, we discern neither breach of an essential duty nor the reasonable probability of a different outcome on this record.  In other words, even if we set strategy aside, Mincks's claim fails on the merits.  *See Strickland v. Washington*, 466 U.S. 668, 700 (1984).

**AFFIRMED.**