Robert Lee PATTERSON, Appellant,

v.

STATE of Iowa, Appellee.

No. 63772.

Supreme Court of Iowa.

July 16, 1980.

Lawrence A. Stumme, Jr., Denver, for appellant.

Thomas J. Miller, Atty. Gen., and Shirley Ann Steffe, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, HARRIS, and ALLBEE, JJ.

LeGRAND, Justice.

This is an appeal from an order denying petitioner's application for postconviction relief. We reverse and remand.

The matter arises out of petitioner's conviction in 1977 for the crime of larceny in violation of sections 709.1 and 709.2, The Code 1977. His sentence was suspended during good behavior and he was placed on probation for three years. Five months later his probation was revoked. He filed an application for postconviction relief, which was denied. This appeal followed.

Two issues are presented:

1. The revocation hearing violated petitioner's due process rights.
2. The trial court erred in refusing to allow petitioner to testify at the postconviction hearing.

We consider the matter of the revocation hearing first. It involves two alleged errors: failure to conduct the two-step hearing mandated by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); failure to adequately inform petitioner of his rights.

### I. *Failure to Conduct Two-Step Hearing.*

The Supreme Court of the United States has addressed this matter in *Gagnon v. Scarpelli*, 411 U.S. 778, 784, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656, 664 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 479–80, 92 S.Ct. 2593, 2599, 33 L.Ed. 484, 496–99 (1972).

In *Gagnon* the court said:

In *Morrissey*, we recognized that the revocation decision has two analytically distinct components:

"The first step in a revocation decision thus involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the condition does the second question arise: should the parolee be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?" *Morrissey v. Brewer*, supra, 408 U.S. at 479–480, 92 S.Ct. at 2599, 33 L.Ed.2d 484.

We have held these two matters could be combined in one hearing. *State v. Tech*, 240 N.W.2d 658, 661 (Iowa 1976); *Rheuport v. State*, 238 N.W.2d 770, 773 (Iowa 1976). This procedure has now been statutorily approved unless prejudice would result therefrom. *See* section 908.11, The Code 1979.

■ The record discloses no prejudice in this case and petitioner has shown no right to relief because the two factual determinations mandated by *Morrissey*—commission of the acts violating probation and determination that the original sentence should be served—were made at one rather than two hearings.

II. However, petitioner raises another protest concerning the revocation hearing. He asserts he was not informed of the purpose and effect of the hearing. *See Morrissey v. Brewer*, 408 U.S. 471, 488, 490, 92 S.Ct. 2593, 2603, 2604, 33 L.Ed. 484, 498–99 (1972); § 908.5, The Code 1979.

■ Although *Morrissey* was a parole revocation case, the same principles apply to probation. *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 661–62 (1973).

*Morrissey* set the "minimum standards of due process," leaving it to the individual states to establish appropriate rules of procedure. 408 U.S. at 488–489, 92 S.Ct. at 2608, 2609, 33 L.Ed.2d at 498–99. Iowa has done so by enactment of ch. 908, The Code.

*Morrissey* also includes this statement at 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d 499:

We emphasize there is no thought to equate this second stage of parole revocation [at which disposition of the case is determined] to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.

■ Petitioner raises numerous objections to the revocation hearing. Subject to his claim he did not understand what was being done, (which is separately discussed in Division IV), none has any merit. He was represented by counsel; he waived notice and consented to the hearing; he consented to reception of the violation report; and he declined to offer any evidence to refute the written report. We agree with the trial court that petitioner was not deprived of any due process right nor any right conferred under ch. 908, The Code.

Petitioner further complains because the court did not make factual findings of its reasons for revoking probation. *See* section 908.7, The Code 1979.

■ *Rheuport v. State*, 238 N.W.2d 777, 23 considered a similar complaint concerning the absence of findings in a postconviction hearing. As in our statute concerning revocation hearings, section 663A.7, The Code, requires specific findings of fact. However, we said the trial court could not "be faulted for having failed to find facts which were not in dispute." That rationale applies here. The only evidence was the violation report. It was not contested. No evidence was introduced to refute it. Under the circumstances, the trial court's statement that probation was being revoked based on the "evidence and information" before it was sufficient. We do not say it would be enough if there were conflicting evidence to be evaluated.

We find no grounds for reversal in the matters so far discussed. This brings us to the remaining issue concerning the trial court's refusal to permit petitioner to testify at the postconviction hearing.

III. We quote from the record to show how this question arose:

THE COURT: Insofar as I can determine, the defendant's rights have been protected at all stages ·of this proceeding, and his application for post-conviction relief will be denied.

Anything further?

MR. FOKKENA: [County Attorney] I have nothing further.

MR. STUMME: [Counsel for petitioner] On the basis of that, there's probably not any necessity for the defendant to testify.

THE COURT: I don't know what he would testify to. He was given an opportunity to testify before [Judge] Clough back on the 14th of February, 1978. . . .

MR. STUMME: It's our contention he didn't know what was happening, even though he was represented by counsel, your Honor.

THE COURT: Well, I'm not going to go into that. If he didn't know what was happening he had ample opportunity to ask the court for an explanation, but I can't believe that Mr. Patterson, with

his record, didn't know what was transpiring.

MR. STUMME: Your Honor, the defendant's record is not at issue in this case. It's just this hearing and this is what—

THE COURT: I'm aware of that, but I'm also saying that the defendant is fairly well versed in these matters.

MR. STUMME: May I respond?

THE COURT: You may.

MR. STUMME: Your Honor, how could the defendant be well versed in these matters when this law was fairly new, when it seems that the judge and that his attorney and the prosecutor [were] not well versed in these matters, who are supposed to be experts on the law? How can you expect the defendant to be expert on that?

THE COURT: I don't know, but I just can't believe that he didn't know that the State was asking that his probation be revoked for the reason of his misconduct as exhibited by that violation report.

■ While this was less than a categorical refusal to permit petitioner to testify, it was a clear signal such testimony would be unavailing. We hold it was error to decide the question of petitioner's credibility *before* he testified.

■■ It is petitioner's contention he did not understand the revocation proceedings. He contends his waiver therefore was not a voluntary or informed one. He wanted to so testify. He should have been allowed to do so. We recognize a postconviction hearing need not include petitioner's own testimony. *See* section 663A.7, The Code. However, in the present case, the issue involved a fact question; defendant was present in court; nothing prevented the presentation of his version of events which, if established, would have entitled him to relief on constitutional grounds. The trial court was disinclined to hear him because of a prior determination his story would not be credible. We believe this conclusion can be properly reached only *after* testimony is heard and evaluated.

We therefore reverse and remand for the purpose of allowing petitioner to testify and for such other evidence as either party may offer on the issue of waiver. If the evidence establishes petitioner did not make a valid waiver of his rights at the revocation hearing, the revocation shall be set aside. Otherwise the revocation shall stand. Petitioner's right to appeal is preserved as to questions arising out of the hearing on remand.

REVERSED AND REMANDED

All Justices concur except HARRIS, J., who dissents.