# IN THE COURT OF APPEALS OF IOWA

No. 13-1164
Filed June 25, 2014

**JOEL AGUIRRE,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.

_____

Appeal from the Iowa District Court for Buena Vista County, Nancy L. Whittenburg (pretrial motion) and Mary J. Sokolovske (trial), Judges.

An applicant appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Jack B. Bjornstad of Bjornstad Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, and David Patton, County Attorney, for appellee State.

Considered by Vaitheswaran, P.J., Bower, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Joel Aguirre appeals from the denial of his application for postconviction relief.

## I.  Background Facts and Proceedings

Aguirre was charged with possession of a firearm by a felon and being armed with intent while participating in a felony.  He eventually pled guilty to possession of a firearm by a felon and to the amended charge of simple assault.  He was sentenced to thirty days on the simple assault and up to five years on the possession of a firearm by a felon.  The five-year sentence was suspended, and Aguirre was placed on probation for two years.  He did not appeal.

Aguirre later filed this application for postconviction relief.  Prior to trial, Aguirre filed a motion for a writ of habeas corpus ad testificandum stating he was in federal custody in Louisiana.  He requested an order directing the United States Marshal to produce him in order that he could testify at his postconviction-relief hearing scheduled for July 5, 2012, in Buena Vista County, Iowa.  At the time of the hearing on the motion, Aguirre had filed an affidavit setting out facts he believed would establish that his counsel at the time he entered his plea of guilty was ineffective.  The facts set out were within his personal knowledge and would require his testimony.

The court denied Aguirre's motion for writ of habeas corpus ad testifcandum, citing *Webb v. State*, 555 N.W.2d. 824 (Iowa 1996), for the general proposition that inmates do not have a constitutional right to be at their own postconviction-relief hearing.  The trial court stated that under Iowa Code section 822.7 (2011), Aguirre's personal attendance was within the court's discretion.

The court further stated that it had no jurisdiction over federal marshals and that costs of obtaining Aguirre's presence were unknown. It exercised its discretion and denied the motion. The court noted that there was no authority to allow testimony to be taken by telephone, but under these circumstances, if the parties could mutually agree to such an arrangement, the court would permit it. The trial court also mentioned the possibility of taking Aguirre's testimony by deposition as provided by Iowa Code section 622.82.

Aguirre filed a motion to allow his testimony to be taken by telephone or other electronic means. The State did not object, and the motion was granted.

On appeal, Aguirre contends, in essence, that he had a right to testify in person and it was an error to take his testimony by telephone when a disputed fact existed.

## II. Standard of Review

Postconviction-relief actions are ordinarily reviewed for correction of errors at law unless there is a constitutional issue. *LaMasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). Aguirre makes no constitutional claim.

## III. Error Preservation

Error preservation is generally considered present when the issues to be reviewed have been raised and ruled on by the district court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Aguirre raised the issue of his personal presence to testify by filing a motion for writ of habeas corpus ad testifcandum. The trial court considered the motion and overruled it.

## IV. Discussion

An inmate has no constitutional or statutory right to be present at his postconviction hearing. *Webb*, 555 N.W.2d at 826. Aguirre contends that the case of *Patterson v. State*, 294 N.W.2d 683 (Iowa 1980), gives him the right to testify in person when a fact question is involved. There is nothing in *Patterson* that gives an applicant in a postconviction-relief action the right to testify in person. In *Patterson*, the applicant was in the courtroom when the court signaled by its comments that the applicant's testimony would be unavailing and not credible. 294 N.W.2d at 685. The trial court's pre-testimony evaluation was considered to be the denial of Patterson's right to testify. *Id. Patterson* concerns the right to have the applicant's testimony before the court if his testimony was relevant to any fact issue before the court, not the right of an applicant to appear before the court in person. *Id.*

In a postconviction proceeding, "[t]he court may receive proof of affidavits, depositions, oral testimony, or other evidence and may order the appellant brought before it for the hearing." Iowa Code § 822.7. It is within the court's discretion to order the applicant brought before it to testify. *Mark v. State*, 370 N.W.2d 609, 611 (Iowa Ct. App. 1985). In order to establish an abuse of discretion it must be found that the trial court's discretion was exercised on grounds clearly untenable or to an extent clearly unreasonable. *State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982). Given the fact the trial court in this case had no power or jurisdiction over the institution where the applicant was being held, it is not reasonable to find the court abused its discretion by failing to require the applicant to be present to testify.

Aguirre's complaint shifts to the legality of the use of the telephone as opposed to receiving his testimony in person. Since a telephone was used to take his testimony, he asserts the trial court's ruling should be reversed or alternatively remanded to have his testimony taken in person. Aguirre contends that there is no rule or statutory provision that allows a witness to testify by telephone.

The trial court in ruling on Aguirre's motion for a writ of habeas corpus ad testifcandum observed the applicant had the right to provide testimony by telephone, audiovisual, or other electronic means, only if the State consented and if the testimony by telephone was court approved. The court also noted that he could testify by deposition. Aguirre made a motion to allow his testimony to be taken by telephone. The State did not resist, and the motion was granted.

In spite of the fact that the right to testify by telephone was granted at his request, Aguirre apparently takes the position that he had no alternative when the trial court denied his writ of habeas corpus ad testifcandum. When a person is incarcerated in a county other than where his testimony is required, the testimony must be by deposition. Iowa Code § 622.82. It was the applicant's decision to testify by telephone rather than by deposition.

Telephonic testimony was considered in *In re Estate of Rutter*, 633 N.W.2d 740 (Iowa 2001). In that case, one of the parties had not consented to telephonic testimony, and accordingly, it was excluded. *Rutter*, 633 N.W.2d at 746. Nevertheless, by way of dicta, the *Rutter* court stated, "We are not aware of any statute or rule that would prohibit the parties by mutual agreement from

submitting a witness's testimony by telephone, provided the court has no objection to such a procedure." *Id.* at 746 n.2.

Aguirre attempts to differentiate *Rutter* by asserting the cited language only pertains to equity cases. The *Rutter* case may have been an equity case, but the court did not limit its pronouncement to equity cases. The *Rutter* court looked with favor on telephonic testimony if agreed upon and court-approved, noting that it should be permitted unless expressly prohibited. *Id.* at 746. Aguirre in contrast contends telephone testimony should be prohibited unless expressly permitted. In *Rutter* the remedy employed was to not consider the telephonic testimony in the appellate court's ruling. *Id.* Deleting Aguirre's testimony would not give him the relief he desires.

When Aguirre filed his motion to have his testimony taken by telephone, he signaled his assent to that procedure. He could have had his testimony taken by deposition, but he chose to testify by telephone. If he had chosen to have his testimony taken by deposition, it could have been taken by telephone. *See* Iowa R. Civ. P. 1.701(7). It would be illogical to accept a witness's telephonic deposition but hold his live telephonic testimony at the actual trial or hearing unacceptable.

The burden of proof in a postconviction proceeding is on the applicant. Iowa R. App. P. 6.904(3)(e). Aguirre's testimony was necessary if he were to obtain any relief in his postconviction-relief proceeding. There was no way he could testify except by telephone or by deposition. Although Aguirre did not receive the relief he requested, it would not have been in his interest to deny him the right to request postconviction relief simply because he was physically unable

to appear at the proceeding to testify.  It was in his best interest to allow telephonic testimony.

## V. Conclusion

The trial court did not abuse its discretion in proceeding without the applicant's presence at the hearing.  Furthermore, the court did not err in denying the applicant's motion for a writ of habeas corpus ad testifcandum or in granting the applicant's unresisted motion to testify by telephone.

**AFFIRMED.**