# IN THE COURT OF APPEALS OF IOWA

No. 15-1293
Filed September 14, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**SHANTEL C. TEMPLE,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge, (plea and sentencing) and Cynthia M. Moisan, District Associate Judge, (deferred judgment revocation and sentencing).

　　　　Defendant appeals her conviction and sentence imposed after the revocation of her probation and deferred judgment. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**

　　　　Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

　　　　Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Shantel Temple appeals her conviction and sentence for criminal mischief in the third degree, in violation of Iowa Code sections 716.1 and 716.5 (2011), following the revocation of her probation and deferred judgment for the same. Temple contends the district court erred in finding a probation violation, erred in revoking her probation and deferred judgment, and committed sentencing error following the revocation of her deferred judgment. Interrelated with these claims, she contends the district court denied her right to due process.

I.

In May 2012, Temple pleaded guilty to criminal mischief in the third degree and proceeded to immediate sentencing. The district court granted Temple's request for a deferred judgment and placed Temple on probation for two years. Temple's probation agreement required her to, among other things, "obey all Federal, State and Local laws" and to have a valid driver's license and liability insurance on any motor vehicle she owned or operated.

In April 2014, near the end of Temple's probationary period, the Department of Correctional Services filed a probation report of violation. The report alleged Temple had recently been convicted of driving with her license under suspension and charged with three other traffic offenses. The district court set the matter for hearing. The hearing was continued on several occasions. The district court continued the hearing to afford Temple the opportunity to obtain a temporary driver's license or present proof she was in a driver's license reinstatement program. On June 9, the district court found Temple in contempt because, it appears, Temple failed to bring proof she obtained her temporary

license or was in a license reinstatement program. The district court sentenced Temple to thirty days' incarceration but afforded Temple the opportunity to purge the contempt citation by bringing the required documents to a hearing to be held on July 7. Temple failed to appear at the July 7 hearing, and the district court issued an arrest warrant.

More than one year later, on July 21, 2015, the arrest warrant was executed. On July 22, Temple appeared before the district court. Temple waived her right to counsel and waived reporting of the proceeding. She stipulated to violating the terms of probation by having unpaid fines, failing to appear at the last hearing, and having "tickets from 2014." The district court revoked Temple's probation and deferred judgment, sentenced her to thirty days' incarceration with credit for two days served, provided Temple may be considered for electronic monitoring after seven days in jail, and converted the civil penalty to a $625 fine with credit for any monies previously paid toward her civil penalty. Temple timely filed her appeal.

## II.

We first address our jurisdiction to consider this appeal. As a general rule, direct appeal from a probation revocation proceeding is disallowed. *See State v. Rheuport,* 225 N.W.2d 122, 123 (Iowa 1975). Postconviction-relief proceedings are the exclusive remedy. *See* Iowa Code 822.2(1)(e) (2015) (providing for postconviction relief where "[t]he person's sentence has expired, or probation, parole, or conditional release has been unlawfully revoked, or the person is otherwise unlawfully held in custody or other restraint"); *Rheuport,* 225 N.W.2d at 123 ("We hold chapter 663A [recodified at chapter 822] provides the exclusive

remedy for challenging revocation of probation."). An exception to the rule exists where, as here, the district court revokes a deferred judgment. *See State v. Farmer*, 234 N.W.2d 89, 90–91 (Iowa 1975). This is because the revocation order "inheres in the subsequent judgment [and the] defendant may attack the revocation order . . . in [her] appeal from final judgment." *Id.* at 91. We thus have jurisdiction over this appeal.

III.

Temple first raises several challenges to the revocation of her probation. We review the district court's revocation decision for the correction of legal error. *See* Iowa R. App. P. 6.907. To the extent Temple raises constitutional challenges, our review is de novo. *See State v. Brooks*, 760 N.W.2d 197, 204 (Iowa 2009).

"Probation revocation involves a two-step inquiry by the court. First, the court must determine if a probation violation has occurred. Next, the court must determine what should be done as a result of the violation." *State v. Allen*, 402 N.W.2d 438, 443 (Iowa 1987). "Probation revocation is a civil proceeding and not a stage of criminal prosecution. Because revocation is not a stage of criminal prosecution, the rules of criminal procedure do not apply and 'the proceedings can be informal, even summary.'" *State v. Lillibridge,* 519 N.W.2d 82, 83 (Iowa 1994) (quoting *Calvert v. State,* 310 N.W.2d 185, 187 (Iowa 1981)). However, because probation revocation results in a deprivation of liberty, the court must afford the defendant due process. *See id.* Due process requires a probationer be provided with notice of any claimed violations prior to revocation. *See Calvert*, 310 N.W.2d at 188. Due process requires findings by the court showing

the factual basis for the revocation. *See id.*; *State v. Hughes,* 200 N.W.2d 559, 562 (Iowa 1972). The court may make the required findings of fact in writing or orally on the record. *See State v. Kirby,* 622 N.W.2d 506, 510 (Iowa 2001). The revocation decision must be supported by a preponderance of evidence. *See id.* at 511.

Temple first contends her due process rights were violated because she was not provided notice of the violations supporting revocation. Specifically, she argues the alleged violations set forth in the report of violation were different from the violations to which she stipulated. There was no due process violation in this case. The report of violations alleged, among other things, Temple was required to obey the law. Temple violated the law by driving while her license was under suspension and committing several traffic offenses. She stipulated to the violations by acknowledging the tickets she received in 2014. Further, due process rights may be waived. *See Patterson v. State*, 294 N.W.2d 683, 684 (Iowa 1980). Temple's stipulation that she violated her probation in several respects constitutes a waiver of her right to notice. *See Deering v. State*, No. 98-1473, 1999 WL 775998, at *2 (Iowa Ct. App. Sept. 29, 1999).

Temple also contends the stipulated violations were not actually violations of her probation agreement. This appears to be a challenge to the sufficiency of the evidence supporting the district court's findings. Temple's probation agreement is not part of the record. "It is the defendant's obligation to provide this court with a record affirmatively disclosing the error relied upon." *State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995), *overruled on other grounds by State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014). Temple made no effort to create

a supplemental record. *See* Iowa R. App. P. 6.806. We will not speculate on the issue where the defendant has failed to provide relevant record in support of her claim. In any event, the claim is without merit. "Even though the probation agreement is not in the record to establish that compliance with the law was a condition of probation, we have said 'it is a fundamental condition of any probation, whether or not it is expressed in probation instructions, that the probationer shall not violate the law.'" *State v. Kirby*, 622 N.W.2d 506, 510–11 (Iowa 2001) (quoting *State v. McGinnis*, 243 N.W.2d 583, 587 (Iowa 1976)). Temple stipulated to several violations of the law, including traffic offenses and the failure to appear for a contempt hearing.

Temple argues the revocation decision must be reversed because the district court failed to make a record of its reason or reasons for revoking probation at the second—or dispositional—stage of the revocation proceeding. Temple argues her challenge to the revocation court's failure to provide its reasoning is analogous to a defendant challenging a void, illegal, or procedurally defective sentence. *See State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994). She further argues that the failure to make such a record violates federal due process. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (due process requires a "written statement by the factfinders as to the evidence relied on and reasons for revoking parole"). We disagree. The United States Supreme Court has rejected this claim under federal due process standards. *See Black v. Romano*, 471 U.S. 606, 616 (1985) ("The procedures required by the Due Process Clause of the Fourteenth Amendment were afforded in this case, even

though the state judge did not explain on the record his consideration and rejection of alternatives to incarceration.").

Temple argues this court should hold that the due process clause of the Iowa Constitution requires the district court to make a record of its reasons for revoking probation instead of some other disposition. We decline to do so. While the district court has an obligation to make "a record of the probation violation hearing," *State v. Van Wie*, No. 13-0133, 2014 WL 69517, at *2 (Iowa Ct. App. Jan. 9, 2014), the obligation to make a record relates only to a record of the findings establishing a violation, *see Morrissey*, 408 U.S. at 489; *State v. Welsh*, 245 N.W.2d 290, 297 (Iowa 1976). There is no requirement that the district court state additional reasons in support of disposition. The requirement that the district court make findings establishing a violation is sufficient to protect the defendant's limited liberty interests. *See State v. Joiner*, No. 09-1858, 2010 WL 3326683, at *2 (Iowa Ct. App. Aug. 25, 2010); *see also Patterson*, 294 N.W.2d at 685. Like the United States Supreme Court, "[w]e believe that a general requirement that the factfinder elaborate upon the reasons for a course not taken would unduly burden the revocation proceeding without significantly advancing the interests of the probationer." *Black*, 471 U.S. at 613.

In sum, we conclude the revocation proceeding was without error and not in contravention of Temple's right to due process under the federal and state constitutions. She was provided with notice of the alleged violations and given multiple opportunities to resolve the alleged violations. She failed to do so. After failing to resolve the alleged violations, she was given an opportunity to be heard. She stipulated to violating the terms and conditions of her probation. The district

court made written findings supporting the violations. Under *Black* and *Patterson*, nothing more was required.

IV.

Temple also challenges her sentence. Temple contends the district court failed to provide her with the right of allocution and failed to make a record of the reason or reasons for imposition of sentence. After revoking a deferred judgment, the entry of sentence becomes "the final judgment in the criminal case and not part of the civil revocation proceeding. Therefore, the district court had to comply with the rules of criminal procedure." *Lillibridge*, 519 N.W.2d at 83. The State concedes the district court failed to comply with the Rules of Criminal Procedure by failing to make a record regarding its reason or reasons for imposition of sentence. We agree. *See Thompson*, 856 N.W.2d at 921 ("We also hold if the defendant waives reporting of the sentencing hearing and the court fails to state its reasons for the sentence in the written sentencing order, the court has abused its discretion, and we will vacate the sentence and remand the case for resentencing."). Because this case must be remanded for a plenary sentencing hearing, we need not resolve Temple's claim regarding the denial of her right of allocution.

V.

For the above-stated reasons, we affirm the defendant's conviction, but we vacate the defendant's sentence and remand this matter for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**