# IN THE COURT OF APPEALS OF IOWA

No. 17-0002
Filed September 27, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**STACY LEIGH ROOK,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Tama County, Mary E. Chicchelly,

Judge.

     The defendant appeals from the district court's order revoking the

defendant's deferred judgment. **AFFIRMED.**

     Thomas M. McIntee of Waterloo, for appellant.

     Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.

     Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

**I. Background Facts and Proceedings.**

On September 23, 2014, Stacy Rook was charged by trial information with the following: (1) conspiracy to manufacture, deliver, or possess methamphetamine (five grams or less); (2) possession of pseudoephedrine as a precursor with intent to manufacture, sell, distribute; (3) possession of lithium as a precursor with intent to manufacture, sell, distribute; and (4) possession of ether as a precursor with intent to manufacture, sell, distribute. All counts were in violation of Iowa Code section 124.401 (2014). Rook pleaded guilty to possession of pseudoephedrine, and the remaining charges were dropped. At sentencing, Rook received a deferred judgment and probation for a period of two years. Rook's conditions of probation required her to abstain from the use or possession of illegal drugs or drug paraphernalia and submit to urinalysis or breathalyzer testing upon the request of a probation officer.

On March 24, 2016, the Department of Correctional Services (DCS) filed a report of probation violations by Rook. The report detailed several violations of Rook's probation, including three incidents where Rook tested positive for illegal substances between August 2015 and January 2016. The report also stated that Rook admitted to her probation officer that she had used illegal substances on several occasions.

A June DCS report outlined additional probation violations by Rook. The supplemental report indicated Rook failed to submit to a random drug test in April. Additionally, in May, Rook missed a scheduled appointment, tested

positive for methamphetamine, and was charged with simple assault. In June, High Risk Unit officers located drug paraphernalia at Rook's residence.

Rook began inpatient substance-abuse treatment with the Department of Veteran Affairs (VA) in August 2016, and she was discharged in October. Rook also participated in outpatient substance-abuse treatment through the VA. However, in December, DCS filed an additional report of probation violations detailing incidents where Rook tested positive for methamphetamine and failed to appear for a random drug test.

On December 6, the State filed an application for adjudication of guilt and sentencing. As part of its application, the State filed a letter from Rook's clinical social worker explaining Rook's substance-abuse diagnoses and treatment through the VA. The matter came on for a hearing on December 22, and counsel represented Rook. Rook stipulated to each of the allegations in the application. The court engaged in the following colloquy with Rook:

> THE COURT: So I need to inform you of your rights before I can accept the stipulation. I need to make sure that you understand your rights that you have with the regard to the State's applications. You have a right to a hearing on the State's applications, all of them, not just the first one, but all three of the supplemental applications. Do you understand that?
> MS. ROOK: Yes, ma'am.
> THE COURT: You also have a right to ask questions of the State's witnesses that they would present in supporting their applications and ask questions of your own witnesses and subpoena witnesses to testify on your behalf. Do you understand that you have all of those rights with regard to these applications?
> MS. ROOK: Yes, Your Honor.
> THE COURT: You also would have the right to ask questions of your own witnesses and subpoena witnesses to testify on your own behalf, which basically means that if you had witnesses that were not willing to come to court, that you would ask the Court to subpoena them so that they would be required to come

to court to support your side of the case. Do understand that you also have that right?

MS. ROOK: Yes, I do, Your Honor.

THE COURT: You also have a right to testify on your own behalf; however, no one can force you to testify, and the State could not call you as a witness in order to prove the violations before the court. Do you understand that?

MS. ROOK: Yes, ma'am.

THE COURT: You also have a right to be represented by an attorney, and if you could not afford an attorney, the court will continue to appoint an attorney to represent you; do you understand that?

MS. ROOK: Yes, ma'am.

THE COURT: And do you understand that you have all of these rights? Is that yes?

MS. ROOK: Yes, yes, ma'am.

THE COURT: *And you understand that by stipulating or agreeing that you violated the terms of your deferred judgment here, you're waiving all of these rights*?

MS. ROOK: Yes, Your Honor.

THE COURT: And do you understand that if you have a hearing, that the State . . . would have . . . to prove beyond a reasonable doubt that you willfully and intentionally violated the terms of your sentencing order and probation as set forth in the State's application and all of the supplemental applications thereto?

MS. ROOK: Yes, Your Honor.

(Emphasis added). The court also allowed a recess for counsel to review the State's application with Rook. The court stated, "I'm going to take a break here for a few minutes and allow you an opportunity to review the applications as well as the reports with your client so that she understands what it is that she's agreeing to here." Following the recess, the court confirmed with Rook that she wanted to proceed, verified the stipulation was voluntary, and reviewed each of the State's allegations to confirm its accuracy. Rook confirmed all of the allegations, and the court found Rook "willfully and intentionally violated the terms of her sentencing order."

At the disposition phase of the hearing, Dawn Larson, Rook's community treatment coordinator testified on behalf of the State. Larson discussed Rook's mental-health diagnosis and treatment with a psychiatrist at the VA. Larson testified that Rook had ten drug-related violations during her probation, and that Larson discussed with Rook the possibility of losing her deferred judgment.

Following the hearing, the court revoked Rook's deferred judgment, adjudicated Rook guilty of the underlying offense, and sentenced Rook to an indeterminate term of incarceration of up to five years. The court suspended the sentence, placed Rook on probation, and required Rook to reside at a residential treatment facility as a condition of her probation. Rook appealed the court's adjudication of guilt and sentencing order, claiming ineffective assistance of counsel during the proceedings.

## II. Standard of Review.

We review claims of ineffective assistance of counsel de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

## III. Discussion.

Rook claims counsel was ineffective during the probation-revocation hearing. First, Rook argues counsel was ineffective for failing to verify a factual basis for the stipulation and to ensure Rook's stipulation was knowing, intelligent, and voluntary. Second, Rook argues counsel had a duty to investigate Rook's mental-health condition in more detail in order to pursue a diminished-capacity defense to avoid revocation of Rook's deferred judgment.

To prove her claims of ineffective assistance of counsel, Rook must prove by a preponderance of the evidence that (1) counsel failed to perform an

essential duty and (2) she suffered prejudice as a result. *See State v. Morgan*, 877 N.W.2d 133, 136 (Iowa Ct. App. 2016). The claim fails if either prong is not proved. *Id.* When a defendant chooses to raise an ineffective-assistance-of-counsel claim on direct appeal, we may either determine the record is adequate and decide the claim or find the record is inadequate and preserve the claim for possible postconviction proceedings. *See State v. Neitzel*, 801 N.W.2d 612, 624 (Iowa Ct. App. 2011).

To prove the first prong of this claim, Rook must show counsel's performance fell outside the normal range of competency. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Starting "with the presumption that the attorney performed her duties in a competent manner," "we measure counsel's performance against the standard of a reasonably competent practitioner." *State v. Maxwell*, 743 N.W.2d 185, 195 195–96 (Iowa 2008). Although counsel is not required to predict changes in the law, counsel must "exercise reasonable diligence in deciding whether an issue is 'worth raising.'" *State v. Westeen*, 591 N.W.2d 203, 210 (Iowa 1999) (quoting *State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982)). In accord with these principles, we have held that counsel has no duty to raise an issue that has no merit. *State v. Schaer*, 757 N.W.2d 630, 637 (Iowa 2008); *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008) ("Counsel cannot fail to perform an essential duty by merely failing to make a meritless objection.").

To revoke an individual's probation, whether the probation was ordered as part of a deferred judgment or a suspended sentence, the court may hold a probation-revocation hearing based on probable cause of a violation of the

conditions of probation. *See* Iowa Code §§ 907.3(1)(b), 908.11 (setting forth deferred judgment and probation procedure). The court then imposes a disposition if a probation violation is proven by a preponderance of the evidence. *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 485-87 (1972)). Probation revocation is a civil proceeding and not a stage of criminal prosecution. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Because revocation is not a stage of criminal prosecution, the rules of criminal procedure do not apply and "the proceedings can be informal, even summary." *Calvert v. State*, 310 N.W.2d 185, 187 (Iowa 1981). The "full panoply of rights due a defendant" in a criminal proceeding do not apply to probation revocations. *Morrissey*, 408 U.S. at 480. It is only necessary that proof of a violation of the terms and conditions of a probation agreement be supported by a preponderance of the evidence to justify a revocation. *Rheuport v. State*, 238 N.W.2d 770, 772 (Iowa 1976). A preponderance of the evidence will support the revocation of a deferred judgment, as well as a probation violation, after a conviction. *See State v. Kirby*, 622 N.W.2d 506, 510 (Iowa 2001). Revocations are reviewed for abuse of discretion, and it has been asserted that an admission will satisfy the requirement. *Dolan*, 496 N.W.2d at 279–80. Even the defendant's silence in response to a direct question can be considered as supporting a probation revocation. *Calvert v. State*, 310 N.W.2d 185, 189 (Iowa 1981). In the instant case, there was an unqualified admission to the violation made in response to a direct question. The revocation was supported by a preponderance of the evidence, and there was no abuse of discretion. *See State v. Kline*, No. 12-0366, 2013 WL 3291865, at *2 (Iowa Ct. App. June 26, 2013).

However, certain due process rights are still guaranteed to the defendant. *Id.* at 487–89. The minimum requirements of due process require:

> (a) written notice of the claimed violations of [probation]; (b) disclosure to the [defendant] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation].

*Id.* at 489; *see also Calvert*, 310 N.W.2d at 188 (explaining due process requirements); *Patterson v. State*, 294 N.W.2d 683, 684 (Iowa 1980) (holding principles established in *Morrissey* apply to probation revocation proceedings). These requirements may be waived by the petitioner. *Patterson*, 294 N.W.2d at 684. Rook does not claim her due process protections were not provided to her.

**A. Factual Support for Violations.**

Rook argues counsel was ineffective for failing to ensure the stipulation was knowingly, intelligently, and voluntarily made[1] and for allowing Rook to stipulate to facts unsupported by a factual basis, citing *Rhoades v. State*. 848 N.W.2d 22, 29 (Iowa 2014). *Rhoads*, however, addresses the factual basis to support a defendant's *guilty plea*—not the factual stipulation in a probation revocation hearing. *Id.* Here, Rook did not enter a guilty plea at the deferred

---

[1] Rook argues the court erred by accepting the stipulation without finding the stipulation was knowing, intelligent, and voluntary. Counsel did not present this argument at the district court level. Therefore, it is not preserved. *See State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016); *see also Boyle v. Alum–Line, Inc.*, 710 N.W.2d 741, 751 n.4 (Iowa 2006) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

judgment probation-revocation hearing[2]; she stipulated to the facts contained in the State's application. *See Morrissey*, 408 U.S. at 480. Rook made an "unqualified admissions" in response to direct questions. *See Kline*, 2013 WL 3291865, at *2 (holding the probation revocation was supported by a preponderance of the evidence when the defendant made an unqualified admission to the probation violation).

The record supported the facts contained in Rook's stipulation. Rook admitted to using illegal substances or testing positive for illegal substances ten times during her probation. During the hearing, the court explained in detail to Rook the process of the hearing, the consequences of stipulating to the facts of the application, and Rook's right to testify on her own behalf. The court allowed defense counsel an opportunity to review the application with Rook in more detail during a recess. The court then asked Rook again if she understood the nature of the stipulation after defense counsel reviewed the application with Rook. The court reviewed each fact supporting the application with Rook to verify its accuracy, and Rook admitted to each fact in the application. The court then accepted Rook's stipulation. Rook had multiple opportunities to challenge the State's factual assertions if they were untrue. Abstaining from illegal substances is a condition to Rook's probation. There was clear support for the stipulated facts in the record. Rook's counsel was not ineffective for pursuing a defense that has no merit. *See Schaer*, 757 N.W.2d at 637; *Bearse*, 748 N.W.2d at 215.

---

[2] Rook pleaded guilty to the underlying offense in 2014.

**B. Mental Health Status.**

Rook next argues counsel was ineffective for failing to investigate Rook's mental-health issues to provide a diminished capacity defense to prevent revocation of the deferred judgment. Rook argues there was not an adequate investigation into her mental-health history. The VA social worker wrote a letter to the court explaining Rook's diagnosis and treatment, and the community service officer testified that Rook struggled with bi-polar disorder. Rook's mental-health status was evident from the record made. Counsel was not ineffective. *See Schaer*, 757 N.W.2d at 637.

**AFFIRMED.**