# IN THE COURT OF APPEALS OF IOWA

No. 18-1137
Filed May 15, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TYLER FERGUSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Jason A. Burns, District Associate Judge.

A defendant appeals the revocation of his deferred judgment for operating while intoxicated. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

Tyler Ferguson received a deferred judgment in February 2017 after pleading guilty to first-offense operating while intoxicated (OWI). Four months later, he committed the crime of driving while his license was revoked. As a result, the district court revoked his probation and entered judgment on the OWI offense. He appeals the revocation, contending the court failed to consider mitigating circumstances. Because the court properly exercised its discretion in viewing the new driving offense as a sufficient reason to impose judgment, we affirm.

Iowa City police stopped Ferguson for driving 43 miles per hour in a 30 mile-per-hour zone in November 2016. Detecting evidence of drunk driving, the officer invoked implied consent; the DataMaster measured Ferguson's blood alcohol content at .125. He entered a guilty plea to a violation of Iowa Code section 321J.2 (2016) and received a deferred judgment. The court placed Ferguson on "self-supervised probation" for one year with the following conditions:

- Have no further law violations.
- Keep the Clerk of Court informed of any change of address.
- Pay the civil penalty and all amounts due within six months.
- Pay the supervision fee imposed by the Department of Correctional Services.
- Obtain a substance abuse evaluation, complete all recommended treatment, and file proof of completion within six months.
- Complete an approved OWI weekend program, which includes the 12-hour drinking driver's course required by the Department of Transportation, and file proof of completion within six months.

Ferguson did not comply with the first condition. In late June 2017, the police charged him with driving while revoked; the court sentenced him for that serious misdemeanor offense in September 2017. He also did not pay all amounts due within six months; he owed $801 in court costs as of June 2018. Ferguson did

obtain a substance-abuse evaluation and did complete the OWI weekend program in August 2017.

The State applied to revoke his probation. At the probation revocation hearing in June 2018, Ferguson admitted the violations but asked the court to leave the deferred judgment "intact" because the violations were "very minor" and he did not have the funds to pay the fees.

Ferguson testified he was diagnosed with anxiety, major depressive disorder, and posttraumatic stress disorder related to his combat service in Afghanistan. He told the court he received $1300 per month in VA disability payments, but had "hardly enough to get by" after paying his bills. He had been taking engineering classes but was dismissed for poor performance. He testified he moved to North Liberty "to get away from all of the partying and drinking" in Iowa City but complained there was "no easy way to get back and forth" to school. He said he was "trying to" maintain his vehicle and incurred expenses to repair the suspension after the car was towed from the scene of the OWI. He acknowledged pleading guilty to driving while revoked but asserted he only drove to the grocery store because an ankle injury prevented him from walking.

The court sympathized with Ferguson's money problems: "[T]he financial obligations are not the court's primary concern. I understand that the courtroom's got a lot of people that struggle, and I don't tend to put people in jail or revoke probations because they are having financial difficulties." But the court found the "compounding issue" was that Ferguson "did pick up a new law violation" while on probation. The court explained, "[H]aving two bad choices does not mean that it was not a willful violation of the order." The court reasoned, "[I]t is still an obligation

of the Court that people obey the law, especially when you're revoked for a public safety concern such as [OWI]."

Based on those considerations, the court entered the OWI conviction on Ferguson's record. The court imposed the mandatory minimum jail sentence and gave Ferguson credit for his weekend program stating, "No further time is due and owing." Ferguson appeals the revocation decision.

We will overturn a probation revocation only if the district court abused its discretion. *State v. Rogers*, 251 N.W.2d 239, 243 (Iowa 1977). An abuse occurs when the court exercises its discretion on grounds that are clearly untenable or unreasonable. *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

Revocation decisions follow a two-step process. *Patterson v. State*, 294 N.W.2d 683, 684 (Iowa 1980). First, the court must determine whether the person violated any condition of probation. *Id.* If the State established the violation, the court then decides whether to continue probation or impose any sentence that might originally have been imposed. *See* Iowa Code § 908.11(4).

Ferguson contests only the second step. He argues the court failed to consider his "limited income, which would prevent him from paying for transportation alternatives, and his physical and psychological injuries, which would prevent him from being able to walk and carry groceries home and generally function as well as the average person."

We are mindful of the "broad discretion" afforded the district court in weighing "whether probation should be continued or revoked." *See State v. Covel*, 925 N.W.2d 183, 188 (Iowa 2019); *accord Rheuport v. State*, 238 N.W.2d 770, 772–75 (Iowa 1976) (upholding revocation when defendant was charged with

another crime while on probation).  Here, the court gave careful thought to Ferguson's situation, including his financial strain, but ultimately determined public safety warranted imposing judgment on the OWI conviction after Ferguson committed another driving offense.  The grounds cited for revocation were not clearly untenable or unreasonable.  Accordingly, we decline to disturb the district court's decision to impose judgment.

**AFFIRMED.**