# IN THE COURT OF APPEALS OF IOWA

No. 18-2149
Filed January 9, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DUANE HUFFER,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

The defendant appeals the revocation of his deferred judgment and imposition of sentence. **AFFIRMED.**

C. Aron Vaughn of Kaplan & Frese, LLP, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., May, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**PER CURIAM.**

Duane Huffer was granted a deferred judgment and placed on probation. After stipulating to two probation violations, the district court revoked his deferred judgment, imposed sentence, granted probation, and as a condition of probation required Huffer to reside at a residential facility. Huffer appeals asserting the court abused its discretion both in revoking his deferred judgment and in imposing the condition of probation that he reside at a residential facility. We affirm.

In spring 2018, Huffer pled guilty to first-degree harassment pursuant to a plea agreement. The district court granted Huffer's request for a deferred judgment, placed him on supervised probation for eighteen months, and imposed a no-contact order for five years. Approximately four months after sentencing, the State filed an application for probation revocation. At the hearing, Huffer admitted he had twice violated the no-contact order by entering the protected party's car in her driveway when she was not at home and sending her a text message a week later. At the hearing, the protected party explained her efforts to keep her home address and car license plate numbers concealed from Huffer and how his invasion of her car caused her additional stress and fear. She also testified she learned Huffer came to her house within hours of discovering her new address from a divorce filing.

The district court revoked Huffer's deferred judgment and imposed a sentence of an indeterminate term of incarceration not to exceed two years, suspended, and probation. The court imposed as a condition of probation that Huffer reside in a residential facility, rejecting his request for "street probation." Huffer appeals.

The decision to revoke probation is reviewed for an abuse of discretion. *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable. *Id.* (citing *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014)). Revocation decisions follow a two-step process. *Patterson v. State*, 294 N.W.2d 683, 684 (Iowa 1980). First, the court must determine whether the person violated any condition of probation. *Id.* If the State established the violation, the court then decides whether to continue probation or impose any sentence that might originally have been imposed. *See* Iowa Code § 908.11(4) (2018); *State v. Ferguson*, No. 18-1137, 2019 WL 2153100, at *2 (Iowa Ct. App. May 15, 2019). Huffer contests the second step. In challenging the sentence, Huffer concedes it is within statutory limits, so review is also for an abuse of discretion. *See State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Sentencing decisions of the district court are cloaked with a strong presumption in their favor. *State v. Loyd,* 530 N.W.2d 708, 713 (Iowa 1995).

The district court gave the following explanation for imposing the condition of a residential facility rather than street probation:

> I think what the evidence here establishes clearly is that you're just not capable at this point in time of being on street probation without committing more criminal offenses and without putting yourself and the community at risk, and I think residential facility is the best option available to both rehabilitate you and to protect our community. . . . [Y]ou'll be closely supervised and monitored. I'll know pretty quickly if you're making decisions that places the community at risk.
>
> I also think it best serves to rehabilitate you because at the residential facility we can make sure that you're following through with your treatment, that you're following through with taking medication if you need to do that, and we can make sure that you are making responsible decisions.

Huffer makes an impassioned plea for why his deferred judgment should not have been revoked and why he should not be required to reside in a residential facility. He sets out a number of factors that he argues support his positions—for example, that there were mitigating circumstances, his lack of a prior criminal history, his other efforts on street probation, and his mental health status. But we do not substitute our judgment for the district court based on his factual assertions.

Huffer stipulated to two violations of the no-contact order within months of being placed on probation for first-degree harassment. While on street probation, he demonstrated an inability to abide by the no-contact order and leave the protected party alone. His attempt to explain away and minimize the violations and intrusion into her life is of no assistance here. The State presented evidence of the impact that the violations had on the protected party. Huffer's probation officer recommended revocation of the deferred judgment, and the State argued for prison time. The explanation the district court gave cogently balances the interests of the the broader community with Huffer's need for assistance and supervision in abiding by the no-contact order as well as increasing the prospects of his rehabilitation. The court's rationale—in both the revocation and sentencing decision—is free from any untenable or unreasonable ground. We find no abuse of discretion and affirm.

**AFFIRMED.**