# IN THE COURT OF APPEALS OF IOWA

No. 24-0301
Filed October 16, 2024

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JENNIFER ELAINE ARCHER,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Page County, Justin R. Wyatt, Judge.

　　　　A defendant appeals the revocation of her deferred judgment and conviction for third-degree burglary. **AFFIRMED.**

　　　　Francis Hurley, Des Moines, for appellant.

　　　　Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

　　　　Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

Jennifer Archer appeals the revocation of her deferred judgment and her conviction for third-degree burglary, arguing that the district court violated her state and federal due-process rights by doing so without providing a hearing or a statement of the factual basis for the revocation. But the court held a revocation hearing—at the same time as the sentencing hearing for the convictions on the new charges that were the basis for revocation. And the written record of the hearing provides a sufficient statement of the basis for the revocation—especially since Archer did not contest that basis at the hearing. We thus affirm the district court.

Revocation of a deferred judgment for violating probation "involves a serious loss of liberty and due process must be afforded." *State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). But "[b]ecause revocation is not a stage of criminal prosecution, the rules of criminal procedure do not apply and the proceedings can be informal, even summary." *Id.* (cleaned up). So the district court need not "file an opinion or make conclusions of law." *Id.* Still, "the findings of a court revoking probation must of course show the factual basis for the revocation." *State v. Kirby*, 622 N.W.2d 506, 509 (Iowa 2001) (cleaned up). Due process is satisfied if we can see the basis for the decision from the court's written ruling or calendar entry or from the written transcript of the revocation hearing. *See id.* And when the only evidence before the court is uncontested, even a conclusory statement by the court is sufficient. *See Patterson v. State*, 294 N.W.2d 683, 685 (Iowa 1980) ("[T]he trial court could

not be faulted for having failed to find facts which were not in dispute." (cleaned up)).

Archer first argues that the district court did not hold a revocation hearing. But she fails to explain what she means beyond stray assertions—unsupported by citations to authority or the record—that "[t]here is no record of any probation violation hearing" and that the court "failed to provide the Defendant a hearing." Indeed, Archer concedes that the court "held a hearing in both cases on February 7, 2024," and that it "characterized the hearing as one for revocation in this case, and for sentencing in" the other case. Assuming that Archer has not waived her argument by failing to support it, *see* Iowa R. App. P. 6.903(2)(a)(8)(3), it fails on the merits. The court held a revocation hearing. It was conducted at the same time as the sentencing hearing on her new convictions because Archer requested they be held together. And at the hearing, both the State and Archer had the chance to make argument and present evidence.

Archer's second argument fares little better. She contends that the district court failed to sufficiently state the factual basis for the revocation because at the hearing, it only said that "it will be the Court's Order that in [this case] that the deferred judgment will be revoked, and an order of conviction will be entered" before moving on to impose and explain the appropriate sentence. True, read in isolation, that statement does not show the factual basis for the revocation. But in the context of the entire written record before us, it sufficiently shows the court's basis for revocation.

To start, the only probation violation alleged in the report of violation was failing to obey the law—shown by her arrest for third-degree burglary and

attempted third-degree burglary. At the revocation hearing, the State argued for revocation on that same basis, explaining:

> The sentence in [this case] was not merely suspended. It was actually deferred giving her an opportunity for rehabilitation, which she did not take advantage of. Instead, the [d]efendant violated the terms of that probation in the most severe way possible. This crime happened on January 23, 2023, and the defendant pled guilty to Burglary Third Degree in that case as well.

And indeed, the revocation hearing was also the sentencing hearing for that later conviction that was the basis for the probation violation. In response, Archer did not contest the revocation. Nor could she have argued that she had not violated the law while on probation given her guilty plea. Instead, she offered only argument about the appropriate sentence to be imposed after revocation of her deferred judgment, seeking a five-year suspended sentence concurrent with her new sentence and that "she remain in the custody of the Page County Jail until bed space is available at the women's" residential correctional facility in Council Bluffs.

Under these circumstances—a single ground for the revocation, with undisputed evidence of the violation, and no attempt by Archer to argue against revocation—we cannot say that Archer's due-process rights were violated by the brief statement of the court. *Cf. Patterson*, 294 N.W.2d at 685. The record leaves no doubt of the court's basis for revocation. And we will not fault the district court for providing no more explanation of a decision with which no party disagreed.

**AFFIRMED.**